David Abrams, Attorney at Law  
PO Box 3353 Church Street Station  
New York, New York 10008  
Tel. 212-897-5821 dnabrams@gmail.com

**TO BE FILED UNDER SEAL**  
**PURSUANT TO 31 USC 3730(b)(2)**

United States District Court  
District of New Jersey

_____

United States of America ex rel.  
TZAC Inc.,  
           Plaintiff-Relator,

      - against -

CIE TOURS INTERNATIONAL.

           Defendant.
_____

Index No.:

**Complaint Under the False Claims Act**

Plaintiff-Relator The Zionist Advocacy Center, complaining of the Defendant by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I. Nature of the Case**

1. This is a false claims act claim. The Qui Tam Plaintiff and Relator, TZAC Inc. d/b/a The Zionist Advocacy Center ("Relator") (mailing address: c/o David Abrams PO Box 3353 Church Street Station New York New York 10008), alleges that the Defendant (mailing address 10 N Park Pl Suite 510 Morristown NJ 07960) fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility. As set forth in more detail below, PPP funding is barred to entities which are government owned. Additionally, second-round funding is barred to entities which (1) combined with their affiliates, exceed size standards; or (2) engage in FARA-registrable activities.

**II.     Parties**

2.     Defendant CIE TOURS INTERNATIONAL ("Defendant") is a New York business corporation with a principal place of business in the **State of New Jersey, County of Morris.**

3.     The Relator, TZAC Inc. d/b/a The Zionist Advocacy Center ("Relator" or "Plaintiff") is a New York corporation with a principal office in the **State of New York, County of Delaware**.

**III.     Compliance with Requirements of Suit**

4.     This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, any Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the District in which this matter has been filed.

5.     Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed.  Thus, if the Complaint is served on the Defendants, it means that the matter has been duly unsealed.

**IV.     Jurisdiction and Venue**

6.      This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business.  In this case, the Defendant maintains its principal office at **10 North Park Place Suite 510, Morristown, New Jersey 07960**.

**V.     Background**

7.     Throughout most of 2020 and continuing into 2021, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19."  (the "Coronavirus Epidemic").

8. In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9. All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

10. The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

11. The CARES Act was subsequently amended to provide for a second round of disaster funding. Significantly, an applicant is ineligible for such funding if it exceeds applicable size standards or if it is engaged in FARA-registrable activity. Moreover, an applicant is ineligible for funding if it

12. The Defendant in this matter is a tourism agency which operates out of Morristown, New Jersey.

13. The Defendant received PPP relief as follows:

| Round | Date | Amount | Loan # | Forgiven |
| --- | --- | --- | --- | --- |
| First Draw | 4/14/2020 | $1,705,150 | 6859027109 | 3/31/2021 |
| Second Draw | 3/1/2021 | $1,705,150 | 5723388507 | 1/19/2022 |

14. Thus, on or about April 14, 2020 and again on or about March 1, 2021, Defendant completed PPP application forms which required it to certify as to eligibility.

15. These certifications were false when made as set forth below.

16. At all times relevant to this matter, the Defendant was wholly owned by an entity called Córas Iompair Éireann which is itself wholly owned by the Government of Ireland.

17. Thus, at all times relevant to this matter, the Defendant was government-owned. Moreover, at all times relevant matter, Córas Iompair Éireann had more than 10,000 employees and thus the Defendant and its affiliates exceeded applicable size standards. Moreover, at all times relevant to this matter, the Defendant was engaged in FARA-registrable activities, *viz.*, promoting Irish tourism on behalf of the Government of Ireland.

18. Additionally, this information was readily available to the Defendant at the time of the application.

19. Thus, Defendant made fraudulent representations when it completed the application form for the second-draw PPP relief described above.

20. As a result of these statements, the Defendant received (and the United States paid) substantial funds to which it would not otherwise have been entitled.

**VI.   (Count I) Violation of the False Claims Act**

21. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

22. The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

23. Thus, the Defendant's certifications of eligibility violated the False Claims Act because they were false, fraudulent, and required for eligibility for disaster relief.

**VII.    Relief Sought**

24.    On behalf of the government, Relator is seeking judgment for triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

25.    The United States paid some $3,441,040.07 in interest and principal in connection with the above-referenced loan plus an additional $102,309 in processing fees.

26.    Accordingly, Relator seeks judgment in the amount of $10,630,047.21 against the Defendants and in favor of the United States, together with attorneys fees costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

          Respectfully submitted,

          */s/ David Abrams*

          _____

          David Abrams, Attorney at Law
           Attorney for Relator
          The Zionist Advocacy Center

          PO Box 3353 Church Street Station
          New York, NY 10008
          Tel. 212-897-5821
          Fax  212-897-5811

Dated: October 5, 2024